Genera! declarations of an intention to set negroes free, unaccompanied with some special act or formality, are not a sufficient ground for the courtfo declare them free.
The court will not compel the prosecutors of writs of habeas corpus whose object is to have persons detained as slaves, liberated; to pay costs in ease their attempt is unsuccessful.
ON 1 ” 'Corpus to bring up the bodies of Henry, Dinah, and S'. , negroes, detained as slaves by the defendant, who claim * freedom.
It appeared that the negroes had been the property of Robert Patterson who appeared to have had an intention of setting them free, and in casual conversation with third persons) and sometimes in the presence of the negroes themselves, had declared this intention. No express promise or understanding was proved; Patterson made his will devising all his real and personal estate, without mention of his negroes freedom. His executors sold the slaves to Frees for £±B7'
The court disallowed the claim, and remanded the negroes, holding that these casual and general declarations, unaccompanied ivitb any particular act or formality, were insufficient to give them their freedom; (a) and as testator had devised away all his real and personal estate, they must go with the other property, and legally belonged to the defendant.
Leake for Frees the master,
moved for a rule upon the Abolition Society of Salem (which society was endorsed as the prosecutor of the writ) to show cause why they should not pay the defendant’s costs and expenses.
It was opposed by Griffith and II. Stockton, and refused by the court;
Kinsey C. J. saying they would not in any case compel the prosecutors of these writs to pay costs; it was a laudable and humane thing in any man or set of men to bring up the claims of these unfortunate people before the court for consideration.
 Note See Kettletas v. Fleet, 7 Johns. 324.